***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Houser and enters the following Opinion and Award.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT *Page 2 
1. On 21 December 2000, plaintiff hired Kathleen G. Sumner as her attorney to represent her because her workers' compensation claim was denied at that time by defendants.
2. Attorney Sumner represented Plaintiff from 21 December 2000, until she was asked to withdraw by plaintiff.
3. On 2 November 2000, plaintiff sustained an injury by accident to her back. Defendants admitted the compensability of this incident through the filing of an Industrial Commission Form 60 dated 5 February 2001.
4. Plaintiff received indemnity compensation as a direct result of the legal services provided by Attorney Sumner.
5. On 14 May 2002, Attorney Sumner filed a motion for attorney's fees out of ongoing indemnity compensation which was allowed, and payments of attorney's fees out of weekly indemnity compensation began on 24 June 2002, in the amount of $139.33 per week.
6. Plaintiff received indemnity benefits from 28 December 2000 until 12 June 2002, but Attorney Sumner did not ask the Industrial Commission for an Order of attorney's fees for that period of compensation.
7. By Order of the Industrial Commission entered on 19 January 2007, Attorney Sumner was no longer representing plaintiff, although the weekly attorneys' fee was continued.
8. During her representation of plaintiff, Attorney Sumner filed all the appropriate Industrial Commission forms, secured medical treatment for plaintiff, communicated constantly with plaintiff and with the medical providers, facilitated plaintiff's application for medical retirement, was able to get defendants to accept the claim and to pay indemnity and medical benefits to plaintiff and on her behalf with medical providers of her choice, and negotiated a *Page 3 
settlement offer in the amount of $190,000.00 plus fully funded MSA, which was declined by plaintiff.
9. Had plaintiff accepted the settlement amount of $190,000.00, plus a fully funded MSA, in January 2007, prior to ceasing representation with Attorney Sumner, Attorney Sumner would have received a lump sum payment of attorneys' fees in the amount of $47,500.00 in addition to the fees paid up through the date of the order approving the settlement agreement.
10. On 3 January 2007, plaintiff was sent her original file and no copy of the file was retained by her former attorney at plaintiff's direction.
11. Attorney Sumner has been paid a weekly fee of $139.33 from 24 June 2002 through the present.
12. If no settlement amount was received then Attorney Sumner would receive an ongoing weekly check for $139.33 until such time as plaintiff was no longer entitled to receive her weekly indemnity check. Plaintiff knew of this arrangement or provision and agreed to it.
13. Attorney Sumner's fee agreement was a contingency fee agreement for 25% of the monies she was able to obtain for plaintiff. A copy of the fee agreement is in the Industrial Commission file.
14. The Full Commission finds that a reasonable attorney fee for Attorney Sumner is 25% of the total amount due plaintiff for the duration of Attorney Sumner's representation of plaintiff for a total of 316 weeks. As Attorney Sumner has been receiving attorneys fees for more than 316 weeks, Attorney Sumner is not entitled to further attorneys fees in this case.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 4 
1. The Industrial Commission has the authority to review fees for attorneys in cases before the Industrial Commission. N.C. Gen. Stat. § 97-90, Hardy v. BrantleyConstr. Co., 87 N.C. App. 562, 361 S.E.2d 748 (1987).
2. In the Full Commission's discretion and in light of the nature and extent of services provided, plaintiff's former attorney Kathleen Sumner is entitled to receive ongoing attorneys fees in the amount of 25% of the sums due plaintiff for the duration of Attorney Sumner's representation of plaintiff totaling 316 weeks. As Attorney Sumner has received attorneys fees for more than 316 weeks, Attorney Sumner is not entitled to further attorneys fees in this case. N.C. Gen. Stat. § 97-90.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's former counsel Kathleen Sumner is not entitled to any further attorneys fees in this case. Defendants shall cease paying attorneys fees to Attorney Sumner as of the date of this Order.
2. No costs are assessed.
This the 2nd day of November 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1